**FILED**
November 07, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Tyler Martin_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HORACE MANN INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL NO. SA-23-CV-01344-OLG** |
| **MATEO HERNANDEZ, MARY ELIZABETH HERNANDEZ,** | § § § § | |
| **Defendants.** | § § | |
| | | |
| **MARY ELIZABETH HERNANDEZ,** | § § | |
| **Plaintiff,** | § § § | |
| v. | § § | **CIVIL NO. SA-23-CV-01365-OLG** |
| **HORACE MANN INSURANCE COMPANY,** | § § § § | |
| **Defendant.** | § | |

# ORDER

Before the Court are the above-captioned insurance cases. Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(2)–(3). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Upon review, the Court finds that the instant actions should be consolidated.

In determining whether consolidation is appropriate, courts should consider the following five factors: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of

prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy. *Holmes v. City of San Antonio Airport*, No. 5:21-CV-00267-OLG, 2021 WL 2878548, at *1 (W.D. Tex. Apr. 26, 2021); *see Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993)).

Here, the above factors weigh in favor of consolidation. Both actions involve the same underlying insurance contract dispute between Horace Mann Insurance Company and Mary Hernandez. The latter alleges underpayment of her claim for covered damages (*see* No. SA-23-CV-01365, Dkt. Nos. 1, 2-2), and the former seeks a declaration of non-liability under the contract (*see* No. SA-23-CV-01344, Dkt. No. 1). As such, these cases involve identical questions of law and fact between common parties, and the Court is of the opinion that consolidation will promote judicial economy.

Accordingly, it is hereby **ORDERED** that No. SA-23-CV-01365-OLG be consolidated into the lead case, No. SA-23-CV-01344-OLG, which was first filed. It is further **ORDERED** that all future filings in relation to these cases be filed in No. SA-23-CV-01344-OLG. The Clerk is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** No. SA-23-CV-01365 pending further order of the Court.

It is so **ORDERED**.

**SIGNED** this 7th day of November, 2023.

ORLANDO L. GARCIA
United States District Judge